UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BILLY K. GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:18-CV-505-TAV-HBG |
| | ) |
| JEFFERSON COUNTY, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On January 11, 2019, the Court entered an order screening the complaint [Doc. 6]. The order dismissed all claims except plaintiff's Equal Protection claim against Jefferson County, based on plaintiff's allegation that Jefferson County Jail treats sex-offender inmates differently than other inmates [Doc. 6]. The order also dismissed all defendants except Jefferson County and afforded plaintiff thirty to complete and return a service packet for defendant Jefferson County [Doc. 6 p. 3–9]. The completed service packet that plaintiff returned to the Clerk, however, named former defendant Tennessee Bureau of Investigation ("TBI") Sex Offender Registry and former defendant Detective Jeffrey Collins [Doc. 8], both of whom had been dismissed in the previous order [Doc. 6 p. 5, 9]. Accordingly, on February 5, 2019, the Clerk re-mailed plaintiff the Court's previous order and a new service packet [Doc. 8 (Clerk's docket notation)].

Rather than returning a completed service packet for Jefferson County, however, plaintiff has now sent the Court a letter stating that he wishes to withdraw his complaint

against Jefferson County because conditions at the jail have improved[1] [Doc. 9 p. 1]. plaintiff also requests that the Court allow him more time to obtain the name of an individual at the TBI "to resume [his] suit against the State of Tennessee" in this letter [*Id.*]. Accordingly, the Court liberally construes this letter as plaintiff's motion to voluntarily dismiss his sole remaining claim against defendant Jefferson County and for additional time to amend his complaint to name an individual at TBI. The Court will address these requests for relief in turn.

I. **VOLUNTARILY DISMISSAL**

First, as it is apparent from plaintiff's letter that he no longer seeks to hold Jefferson County liable under § 1983 for the allegations in his complaint, plaintiff's request to voluntarily dismiss his remaining claim against Jefferson County will be **GRANTED**.

II. **ADDITIONAL TIME**

Next, with respect to plaintiff's request that the Court give him additional time to obtain the name of an individual at TBI, the Court dismissed former Defendant TBI because it is an agency of the State of Tennessee and therefore not a "person" who may be sued under § 1983 [Doc. 6 p. 7]. Further, plaintiff did not file an amended complaint with his letter, nor did he set forth any substantive allegations against any individual at TBI in the letter [Doc. 9]. Thus, it appears that plaintiff requests that the Court provide him with time to obtain the name of an individual at the TBI who may be responsible for his claim or claims regarding the TBI sex offender registry [Doc. 1 p. 3–4] so that plaintiff may

---

[1] Plaintiff does note that access to the law library has not improved, however [Doc. 9 p.1].

amend his complaint to add this individual as a Defendant and pursue those claims against that individual.

The requested leave will not be granted. The Sixth Circuit has held as follows:

> Rule 15 requests to amend the complaint are frequently filed and, generally speaking, freely allowed. But when a Rule 15 motion comes after a judgment against the plaintiff, that is a different story. Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation. If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision. That would sidestep the narrow grounds for obtaining postjudgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

*Leisure Caviar, LLC v. U.S. Fish & Wildfire Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Thus, "[w]hen a party seeks to amend a complaint after an adverse judgment . . . . the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.*

First, plaintiff filed the letter that the Court considers a motion for relief from the Court's prior order on February 12, 2019 [Doc. 9 p. 1], which is more than twenty-eight days after the Court entered its order screening the complaint [Doc. 6]. As such, the Court construes plaintiff's request for additional time as a motion for relief from this court's prior order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303–4 (5th Cir. 2010) (providing that "[w]hen a litigant files a motion

3

seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit").

A court may grant relief under Rule 60(b) for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Relief under Rule 60(b)(6), however, is only available where none of the first five subsections apply and exceptional or extraordinary circumstances exist. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

The only possible subsections of Rule 60(b) that plaintiff's request for additional time to amend his complaint to name an individual at TBI may fall under are subsections one and six. Even if the Court liberally construes this request as an allegation that plaintiff mistakenly named the entity TBI as a Defendant, rather than an individual at TBI, due to inadvertence or lack of knowledge, however, plaintiff is not entitled to relief under Rule 60(b)(1), as a party's carelessness or ignorance of the law does not entitle him relief under Fed. R. Civ. P. 60(b)(1). *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 685–87 (6th Cir. 1999); *Saxion v. Titan–C–Mfg., Inc.*, 86 F.3d 553, 558 n.1 (6th Cir. 1996). Finally, nothing in plaintiff's motion supports a finding that any exceptional or extraordinary circumstances entitle plaintiff to relief under Rule 60(b)(6).

Accordingly, plaintiff's request for additional time to amend his complaint to name an individual at TBI will be **DENIED**.

## III. CONCLUSION

For the reasons set forth above, plaintiff's motion to voluntarily dismiss and for additional time [Doc. 9] is **GRANTED in part** to the extent that the plaintiff's remaining claim against Jefferson County is **DISMISSED**. The motion [*Id.*] is **DENIED in part**, however, to the extent that the Court will not allow plaintiff additional time to amend his complaint to name an individual at TBI. As no claims remain in this action, this case will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE